# Exhibit E

# IN THE CIRCUIT COURT OF MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| MICHAEL A. MCGUIRE, | ) | CASE NUMBER: |
| PLAINTIFF, | | |
| v. | ) | CV-2011-1320 - TMH |
| CITY OF MONTGOMERY, a municipal corporation of the State of Alabama, KEVIN J. MURPHY, Chief of Police of Montgomery, Alabama, in his official and individual capacities, D.T. MARSHALL, Sheriff, Montgomery County, in his official and Individual capacities COLONEL HUGH B. MCCALL, Director of the Alabama Department of Public Safety, in his official and individual capacities, LINDSEY CLEMENTS, Attorney for Alabama Department of Public Safety, both personally and in her official capacity, LUTHER STRANGE, Attorney General, being those persons or entities that participated in any manner whatsoever and/or conspired in any manner whatsoever, whether directly or indirectly, regardless of knowledge aforehand, in any act or omission relative to the events made the basis of the Plaintiffs' Complaint, all of whom are unknown at the time of the filing of the Plaintiffs' Complaint but will be added by amendment when ascertained. | ) ) ) ) ) ) ) ) ) ) | |

   DEFENDANT(S).

## AMENDED COMPLAINT AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST DEFENDANTS

Comes now, MICHAEL A. MCGUIRE, ("Plaintiff") by and through his attorney of record, J. Mitchell McGuire and files this Amended Complaint and Motion for a Temporary Restraining Order and Preliminary Injunction Against the Defendant(s) and for grounds would show unto the Court as follows:

Upon information and belief, Defendant(s), CITY OF MONTGOMERY, a municipal corporation of the State of Alabama, KEVIN J. MURPHY, Chief of Police of Montgomery, Alabama, in his official and individual capacities, D.T. MARSHALL, Sheriff, Montgomery County, in his official and individual capacities, COLONEL HUGH B. MCCALL, Director of the Alabama Department of Public Safety, in his official and individual capacities, LINDSEY CLEMENTS, Attorney for Alabama Department of Public Safety, both personally and in her official capacity, LUTHER STRANGE, Attorney General, State of Alabama, in his official and being those persons or entities that participated in any manner whatsoever and/or conspired in any manner whatsoever, whether directly or indirectly, regardless of knowledge aforehand, in any act or omission relative to the events made the basis of the Plaintiffs' Complaint, all of whom are unknown at the time of the filing of the Plaintiffs' Complaint but will be added by amendment when ascertained. Those individuals or corporations whose names and addresses of residences and/or places of business are unknown at this time, but will be added by amendment when ascertained.

## STATEMENT OF FACTS

1. On or about October 31st, 2011, Plaintiff filed a "Complaint and Motion for Temporary Restraining Order and Preliminary Injunction against Defendant's" in the above referenced matter.

2. Sheriff D.T. Marshall of the Montgomery County Sheriff's Department should have been included as a named Defendant in this matter. However, Sheriff Marshall was inadvertently omitted upon the filing of the complaint.

3. Attorney General Luther Strange should have been included as a named Defendant in this matter. However, Attorney General, Luther Strange was inadvertently omitted upon the filing of the complaing.

4. This amended complaint is being filed to include Sheriff Marshall as a named Defendant in this matter.

5. This amended complaint is being filed to include, Attorney General, Luther Strange as a named Defendant in this matter.

6. On or about May, 1981 Plaintiff, Michael A. McGuire, was convicted of sexual assault of his girlfriend of many years, █████████, of many years after a physical altercation had occurred between the two of them.

7. After serving his sentence in a Colorado prison, Plaintiff was released on or about November, 1989.

8. The State of Colorado released the Plaintiff with no *restrictions*, Plaintiff having served his sentence.

9. Plaintiff was not required to register as a sex offender pursuant to *Colorado Statute* (CR.S.A. §516-22-103)(1)(a).

10. On or about April 27, 2010, Plaintiff returned to his hometown of Montgomery, Alabama.

11. Pursuant to the *Alabama Administrative Code* r. 760-X-1-.21, Plaintiff went to the Sex Crimes Unit of the City of Montgomery, Alabama's Police Department to inquire if he was subject to the Alabama Community Notification Act, 15-20-20, et.sec., *Alabama Code*, 1975, (the "CNA")

12. After spending several hours attempting to find the Plaintiff's records in Colorado, and subsequently locating the charge for which Plaintiff was convicted, officers Gordon and

Lachance of the Montgomery Police Department's Sex Crimes Unit, informed Plaintiff that he was required to immediately register in compliance with the Community Notification Act or he would be immediately charged with a felony for failure to register as a sex offender.

13. Officers Gordon and Lachance informed Plaintiff that he was immediately restricted in the areas of the City of Montgomery in which he could reside, pursuant to the Community Notification Act.

14. Plaintiff requested a Department of Public Safety hearing to determine the applicability of Community Notification Act specifically to him.

15. Plaintiff has waited eighteen (18) months to have his Administrative Court hearing, while registering every six (6) months to avoid felony charges.

16. Plaintiff contacted the Department of Public Safety and spoke with Lindsey Clements office regarding the status of Plaintiff's Administrative Court hearing.

17. Plaintiff's attorney was informed that the Department of Public Safety unilaterally denied Plaintiff's request for an Administrative hearing.

18. Department of Public Safety attorney, Lindsey Clements, confirmed the unilateral denial of Plaintiff's administrative court hearing.

19. The Department of Public Safety has never given notice to the Plaintiff that he was denied an Administrative Court hearing and said failure to provide such notice is in violation of *Alabama Administrative Code* 760-X-1-21(2).

20. At the direction of the Department of Public Safety, the City of Montgomery Police Department, and the Montgomery County Sheriff's Department, Plaintiff's name, picture and other information has been posted to the State of Alabama and to the Federal Sex Offenders websites in violation of *Alabama Administrative Code* 760-X-1-21(2).

21. At the direction of the Department of Public Safety and the City of Montgomery Police Department, and the Montgomery County Sheriff's Department, Plaintiff's name, address, picture and other information has been mailed throughout the City of Montgomery, deeming Plaintiff a sex offender in violation of *Alabama Administrative Code* 760-X-1-21(2).

22. Plaintiff has been informed by the Department of Public Safety, the City of Montgomery Police Department and the Montgomery County Sheriff's Department that during his next registration, his current Alabama driver's license will be taken (confiscated) and replaced with one that designates him as a *sex offender*.

23. Plaintiff's next regular scheduled registration date is October 31, 2011.

24. Plaintiff did not sign a Department of Public Safety waiver of hearing form, pursuant to Alabama *Administrative Code* 760-X-1-21(2).

25. An amended complaint with comprehensive counts and charges against Defendant's will be filed contemporaneously.

## CLAIM FOR RELIEF

The Plaintiff repeats and realleges each and every allegation set forth herein and requests the following relief:

1. The Plaintiff requests the Court to immediately set a hearing before an Administrative Law Judge, provided by the Office of the Attorney General, pursuant to *Alabama Administrative Code,* 760-X-1-21(2).

2. Pending an administrative hearing in this matter, the Plaintiff requests that the Plaintiff's name and all other information regarding the Plaintiff be immediately removed from the State of Alabama and Federal Sex Offender Registry.

3. Pending an Administrative Court hearing in this matter, the Plaintiff requests that State of Alabama be restrained from charging the Plaintiff with violating the Community Notification Act.

WHEREFORE, these premises considered, the Plaintiff, MICHAEL A. MCGUIRE, respectfully requests the following:

1. This complaint be treated as an affidavit in support of the motions contained herein.

2. This complaint be treated as Plaintiff's motion for temporary restraining order and preliminary injunction.

3. An administrative hearing be set immediately for the Plaintiff, pursuant to *Alabama Administrative Code*, 760-X-1-21(2).

4. Pending an Administrative Court hearing in this matter, the Defendants be restrained from charging the Plaintiff with violating the Community Notification Act.

5. Award the Plaintiff such and other further relief as the Court may deem just and proper.

Done this 1st day of November, 2011.

J. MITCHELL MCGUIRE
Attorney for Plaintiff (MCG044)
31 Clayton Street
Montgomery, Alabama 36104
(334) 517-1000

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Amended Complaint and Motion for Temporary Restraining Order and Preliminary Injunction Against Defendants, upon the following, via U.S. mail, postage prepaid and properly addressed:

Kevin J. Murphy
Chief of Police Montgomery
103 North Perry St.
Montgomery, AL 36104

D.T. Marshall
Montgomery Co. Sheriff's Dept.
115 So. Perry St.
Montgomery, AL 36104

Colonel Hugh B. McCall
Director
Alabama Department of Public Safety

Lindsey Clements
General Counsel
Alabama Department Public Safety

Luther Strange
Attorney General
501 Washington Avenue
Montgomery, Alabama 36104

Done this 1st day of November, 2011

_____
J. MITCHELL MCGUIRE
Attorney for Plaintiff (MCG044)
31 Clayton Street
Montgomery, Alabama 36104
(334) 517-1000

**STATE OF ALABAMA**
**MONTGOMERY COUNTY**

I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the Amended Complaint & Motion for TRO & Prelim Injunction on file in said office.
Witness my hand and the seal of said Court is hereto affixed, this the _____ day of November, 2011

_____
**CIRCUIT CLERK**

IN THE CIRCUIT COURT OF MONTGOMERY, ALABAMA

MICHAEL A. MCGUIRE, )   CASE NUMBER: CV-11-1320-
    PLAINTIFF, TMH
v. )
CITY OF MONTGOMERY, a municipal corporation
of the State of Alabama, KEVIN J. MURPHY, Chief of )
Police of Montgomery, Alabama, in his official and
individual capacities, COLONEL HUGH B. MCCALL, )
Director of the Alabama Department of Public Safety,
in his official and individual capacities, Lindsey Clements, )
Attorney for Alabama Department of Public Safety, both
personally and in her official capacity, being those persons )
or entities that participated in anymanner whatsoever
and/or conspired in any manner whatsoever, whether )
directly or indirectly, regardless of knowledge aforehand,
in any act or omission relative to the events made the basis )
of the Plaintiffs' Complaint, all of whom are unknown
at the time of the filing of the Plaintiffs' Complaint )
but will be added by amendment when ascertained.

    DEFENDANT(S).

## ORDER

This matter having come before the Court on the Plaintiff's Complaint and Motion for Temporary Restraining Order and Preliminary Injunction Against Defendants, filed by the Plaintiff, by and through Counsel, and the Court having considered the same, it is hereby

ORDERED that a temporary restraining order is hereby issued to the Defendant's enjoining and restraining the Defendant's from pursuing any criminal charges against the Plaintiff for failing to register as a sex offender, pursuant to the Community Notification Act, *Alabama Code,* .

The Defendant's are enjoined and restrained from taking any such action pending an administrative hearing on this matter.

It is further ORDERED, ADJUDGED, and DECREED that the 30th day of November, 2011 at 10:30 o'clock __.m. be set down for a hearing on this preliminary injunction in this cause.

DONE and ORDERED, this 31st day of October, 2011.

_____
Judge

**STATE OF ALABAMA**
**MONTGOMERY COUNTY**

I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the Order on file in said office.

Witness my hand and the seal of said Court is hereto affixed, this the 2 day of December, 2011.

_____
CIRCUIT CLERK