# Exhibit G



AlaFile E-Notice

03-CV-2011-001320.00

To: Winfield J. Sinclair
wsinclair@ago.state.al.us

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL A MCGUIRE  VS  CITY OF MONTGOMERY ET AL
03-CV-2011-001320.00

The following discovery was FILED on 11/23/2011 4:05:28 PM

Notice Date:     11/23/2011 4:05:28 PM

FLORENCE CAUTHEN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-4950

**STATE OF ALABAMA**
**MONTGOMERY COUNTY**

I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the _Defendants opposition_ on file in said office.
Witness my hand and the seal of said Court is hereto affixed, this the _12th_ day of _December, 2011_
_Florence M. Cauthen_
**CIRCUIT CLERK**


ELECTRONICALLY FILED
11/23/2011 4:05 PM
CV-2011-001320.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL A. McGUIRE, | * |
| Plaintiff, | * |
| v. | * Civil Action Number |
| | * CV-2011-1320-TMH |
| CITY OF MONTGOMERY, *et al.*, | * |
| Defendants. | * |

### DEFENDANT STRANGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Attorney General Luther Strange, in his official capacity and through counsel, hereby submits his opposition to the plaintiff's motion for preliminary injunction[1] for the reasons set out below.

### INTRODUCTION

Plaintiff, Michael A. McGuire, was convicted in Colorado of Sex Abuse I (Amended Complaint at ¶6; see also Defendant Strange's Evidentiary Submission at Exhibit B, Judgment of Conviction: Sentence: and Order to Sheriff (Mittimus) in People v. McGuire)). Following his release from confinement, he moved to Alabama (Amended Complaint at ¶10). The plaintiff has "been registering every six (6) months" since he originally reported his sex offender status to City of Montgomery police officers on or about April 27, 2010 (Amended Complaint at ¶¶10, 15). The plaintiff's "name, picture and other information has been posted to the State of Alabama and to the Federal Sex

---

[1] The defendant was preparing to file a motion to dissolve the October 31, 2011 Temporary Restraining Order when this Court's November 16, 2011 Order dissolving said TRO was received.

Offenders websites..." (Amended Complaint at ¶20; see also Defendant Strange's Evidentiary Submission at Exhibit C, Alabama Department of Public Safety Community Information Center print-out for Michael A. McGuire). "Plaintiff's name, address, picture and other information has been mailed throughout the City of Montgomery, deeming the Plaintiff a sex offender..." (Amended Complaint at ¶21). At present the Department of Public Safety Sex Offender website shows the plaintiff as "compliant" with registration requirements (see http://dps.alabama.gov/Community/wfReport PDF.aspx?Type=1&ID=df3d6b22-8569-4c6e-b48c-a6f17e378227; see also Defendant Strange's Evidentiary Submission at Exhibit C, Alabama Department of Public Safety Community Information Center print-out for Michael A. McGuire).

The plaintiff has filed suit against various public officials in which he argues that he should have been accorded a hearing by the Department of Public Safety under Alabama Administrative Code §760-X-1-21 (Amended Complaint at ¶19). The plaintiff is seeking that "this Complaint be treated as Plaintiff's motion for temporary restraining order and preliminary injunction," that "[a]n administrative hearing be set immediately for the Plaintiff, pursuant to Alabama Administrative Code, 760-X-1-21(2)" and that "[p]ending an Administrative Court hearing in this matter, the Defendants be restrained from charging the Plaintiff with violating the Community Notification Act." (Amended Complaint at ¶19).

The plaintiff is scheduled for a December 14, 2011 hearing before an Administrative Law Judge (See Defendant Strange's Evidentiary Submission at Exhibit D, Order of Notice of Hearing in In the Matter of Michael McGuire, Case No. OAH-11-

47 (Ala. Dept. of Public Safety, pending; see also Defendant Strange's Motion to Dismiss at 4).

## LEGAL STANDARDS

> In order for a trial court to grant a preliminary injunction, the plaintiff must show *all* of the following: (1) that without the injunction the plaintiff would suffer immediate and irreparable injury; (2) that the plaintiff has no adequate remedy at law; (3) that the plaintiff has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the defendant by the injunction would not unreasonably outweigh the benefit accruing to the plaintiff.

Perley v. Tapscan, Inc., 646 So.2d 545, 587 (Ala.1994)(citations omitted).

## ANALYSIS AND ARGUMENT

Under the facts as pleaded by the plaintiff, the plaintiff is in no danger of criminal prosecution for failure to register as a sex offender. According to the Amended Complaint, the plaintiff has been registered as a sex offender since April[2] of 2010 and his status as a sex offender has been on the Federal and State sex offender websites since that time. Indeed, the Alabama and Federal sex offender websites show that the plaintiff is currently "compliant" with Alabama's Community Notification Act. See http://dps.alabama.gov/Community/wfReportPDF.aspx?Type=1&ID=df3d6b22-8569-4c6e-b48c-a6f17e378227; http://www.nsopw.gov/Core/ResultDetails.aspx?index=2&x=DDFDCC2C-4C95-4AA4-919F-D53E296E5ED9. The Amended Complaint does not suggest otherwise. Therefore, it is readily apparent that the plaintiff cannot show that

---

[2] The Federal and State websites reflect a registration date of June, 2010 (see Defendant Strange's Evidentiary Submission at Exhibit C, Alabama Department of Public Safety Community Information Center print-out for Michael A. McGuire), but that is not a material variance.

"without the injunction the plaintiff would suffer immediate and irreparable injury." That alone is sufficient grounds to deny the plaintiff's preliminary injunction motion.

In addition, as a matter of law, the plaintiff is a sex offender for purposes of the Community Notification Act. Under the Act, an adult[3] sex offender is "[a]n adult convicted of a sex offense." Ala.Code 15-20A-4(1). The plaintiff's offense is a "sex offense" for purposes of the Community Notification Act because that Act's definition of "sex offense" includes "[a]ny crime committed in Alabama or any other state,... which, if it had been committed in this state under the current provisions of law, would constitute an offense listed in subdivisions (1) to (32), inclusive." Ala.Code §15-20A-5(32).[4] According to the Amended Complaint as well as the original Complaint, "[o]n or about May, 1981, Plaintiff, Michael A. McGuire, was convicted of sexual assault of his girlfriend of many years, [victim's name redacted], of many years [sic] after a physical altercation had occurred between the two of them." (Amended Complaint at ¶6; Complaint ¶1). While Defendant Strange would aver that the date of conviction was actually on or about July 3, 1986 (see Defendant Strange's Evidentiary Submission at Exhibit A, Judgment of Conviction: Sentence: and Order to Sheriff (Mittimus) in People v. McGuire, Case Number 85CR1903), it is beyond dispute that the Plaintiff was found guilty after a jury verdict (i.e. convicted of) First Degree Sexual Assault, Second Degree Assault, and Menacing. Id. The Colorado conviction of First Degree Sexual Assault is

---

[3] The plaintiff's date of birth is in October of 1954 (Defendant Strange's Evidentiary Submission at Exhibit C, Alabama Department of Public Safety Community Information Center print-out for Michael A. McGuire), making him an adult at the time of his offense behavior in 1985 as well as all times relevant to the Community Notification Act.

[4] "This Chapter is applicable to every adult sex offender convicted of a sex offense as defined in Section 15-20A-5, without regard to when his or her crime or crimes were committed or his or her duty to register arose." Ala. Code §15-20A-3(a).

4

the equivalent of Rape in the First Degree in Alabama as can readily be discerned by the charged offense behavior:

> COUNT ONE: SEXUAL ASSAULT IN THE FIRST DEGREE (F-2)
>
> On or about July 31, 1985, MICHAEL A. McGUIRE did unlawfully, feloniously and knowingly inflict sexual penetration and sexual intrusion on [victim's name redacted], causing submission of [victim's name redacted] through the actual application of physical force and physical violence; and MICHAEL A. McGUIRE was armed with a deadly weapon, to-wit: a knife, and used said deadly weapon to cause submission of [victim's name redacted]; In violation of Colorado Revised Statutes 18-3-402, as amended, Sexual Assault in the First Degree (F-2).

(Defendant Strange's Evidentiary Submission at Exhibit 2, Amended Information (redacted) in *People v. McGuire*).

As a matter of law, the charged and convicted behavior is the equivalent of violating Ala.Code §13A-6-61(a)(1) ("A person commits the crime of rape in the first degree if" he or she engages in sexual intercourse with a member of the opposite sex by forcible compulsion;..."). Ala.Code §15-20A-5(1) states in part: "[f]or the purposes of this chapter, a sex offense includes any of the following offenses: (1) Rape in the first degree, as provided by Section 13A-6-61." Thus, the plaintiff's offense is a "sex offense" within the meaning of the Alabama Community Notification Act.

That Act further sets out that "[t]his Chapter is applicable to every adult sex offender convicted of a sex offense as defined in Section 15-20A-5, without regard to when his or her crime or crimes were committed or his or her duty to register arose." Ala. Code §15-20A-3(a). Therefore, the plaintiff is properly classified as a sex offender

for purposes of the Alabama Community Notification Act and its required registration and notification provisions.

Finally, it is noted that plaintiff has been scheduled to receive the administrative hearing that he seeks with that hearing scheduled to be held at 10:00 a.m. on December 14, 2011 (Defendant Strange's Evidentiary Submission at Exhibit D, Order of Notice of Hearing in In the Matter of Michael McGuire, Case No. OAH-11-47 (Ala. Dept. of Public Safety, pending). Defendant Strange notes that the plaintiff was offered an earlier date (November 28) for the administrative hearing but declined.

## CONCLUSION

Wherefore, for the above-stated reasons, the plaintiff's motion for preliminary injunction is due to be denied.

Respectfully submitted,

LUTHER STRANGE (ASB-0036-G42L)
*Attorney General*

BY:

s/ Winfield J. Sinclair
Winfield J. Sinclair (ASB-1750-S81W)
*Assistant Attorney General*

Pete Smyczek (ASB-9667-E66S)
*Deputy Attorney General*

Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: 334.242.7300
Facsimile: 334-353-8440
E-Mail: psmyczek@ago.state.al.us
wsinclair@ago.state.al.us

Attorneys for Defendant Strange

CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2011, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send electronic notice of the foregoing to counsel for the plaintiff, J. Mitchell McGuire, Esquire. I further certify that I have this date mailed a copy of the foregoing to the following:

Kevin J. Murphy
Chief of Police
City of Montgomery
103 North Perry Street
Montgomery, Alabama 36104

D.T. Marshall
Montgomery County Sheriff
115 South Perry Street
Montgomery, Alabama 36104

Colonel Hugh B. McCall
Alabama Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36012

Hon. Lindsey Clements
Alabama Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36012

s/Winfield J. Sinclair
Assistant Attorney General