# Exhibit H



AlaFile E-Notice

03-CV-2011-001320.00
Judge: TRUMAN M HOBBS

To: Winfield J. Sinclair
wsinclair@ago.state.al.us

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL A MCGUIRE VS CITY OF MONTGOMERY ET AL
03-CV-2011-001320.00

The following matter was FILED on 11/23/2011 3:56:50 PM

**D005 STRANGE LUTHER HON**

MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: SINCLAIR WINFIELD JAMES]

Notice Date:   11/23/2011 3:56:50 PM

FLORENCE CAUTHEN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-4950

**STATE OF ALABAMA**
**MONTGOMERY COUNTY**

I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the _Defendants Motion to Dismiss_ on file in said office.
Witness my hand and the seal of said Court is hereto affixed, this the _13th_ day of _December, 2011_
_Florence M. Cauthen_
**CIRCUIT CLERK**

ELECTRONICALLY FILED
11/23/2011 3:56 PM
CV-2011-001320.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

**STATE OF ALABAMA**
Unified Judicial System

03-MONTGOMERY

Revised 3/5/08

☐ District Court  ☑ Circuit Court

Case _____
CV20____

**CIVIL MOTION COVER SHEET**

MICHAEL A MCGUIRE VS CITY OF MONTGOMERY ET AL

Name of Filing Party: D005 - STRANGE LUTHER HON

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.
Winfield J. Sinclair
501 Washington Ave.
Montgomery, AL 36130

Attorney Bar No.: SIN006

☐ Oral Arguments Requested

## TYPE OF MOTION

**Motions Requiring Fee**

☐ Default Judgment ($50.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00)
☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment pursuant to Rule 56($50.00)
☐ Motion to Intervene ($297.00)
☐ Other _____
pursuant to Rule _____ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ _____

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☑ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☐ Other _____
pursuant to Rule _____ (Subject to Filing Fee)

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date: 11/23/2011 3:53:21 PM

Signature of Attorney or Party:
/s/ Winfield J. Sinclair

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
11/23/2011 3:56 PM
CV-2011-001320.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL A. McGUIRE, | * |
| Plaintiff, | * |
| v. | * Civil Action Number |
| | * CV-2011-1320-TMH |
| CITY OF MONTGOMERY, *et al.*, | * |
| Defendants. | * |

### DEFENDANT STRANGE'S MOTION TO DISMISS

Attorney General Luther Strange, in his official capacity and through counsel, and, pursuant to Rules 12(b)(1) and (6), hereby respectfully moves this Honorable Court to dismiss the plaintiff's Amended Complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted against this defendant. As more specific grounds, the defendant asserts as follows:

1. To the extent that the Amended Complaint attempts to sue this defendant (or indeed, any of the named defendants[1]) in his individual capacity to compel him perform one or more official acts, the Amended Complaint fails to state a claim for relief upon which relief can be granted because the defendant can only perform official acts in his official capacity. Dickson v. Pebco, 46 So.3d 468, 474 (Ala.2010)("In any event, a suit for injunctive relief against a State official in his or her individual capacity would be meaningless. This is so, because State officials act for and represent the State only in their official capacities.") Therefore, the Amended Complaint is subject to dismissal under A.R.Civ.P. Rules 12(b)(1) and (6).

---

[1] Under Rule 21 of the Alabama Rules of Civil Procedure, this Court "on motion or on its own," may drop a party "on just terms." A.R.Civ.P. Rule 21.

1

2. To the extent that the Amended Complaint attempts to sue this defendant (or, indeed, any of the named defendants) in his official capacity, the Amended Complaint is barred by Article I, §14 of the Alabama Constitution which states: "the State of Alabama shall never be made a defendant in any court of law or equity." A.R.Civ.P. Rules 12(b)(1) and (6). Dickson v. Pebco, 46 So.3d 468, 474 (Ala.2010)(Injunctive relief claims against a State official in his official capacity may proceed if the official is acting beyond his "lawful authority"). As the Amended Complaint does not aver that Defendant Strange was acting beyond his lawful authority (indeed, the Amended Complaint does not allege that Defendant Strange acted or failed to act at all and instead only seeks relief from said defendant), the Amended Complaint fails to establish jurisdiction and also fails to state a claim upon which relief can be granted. A.R.Civ.P. Rules 12(b)(1) and (6).

3. The Amended Complaint is barred by Ala.Code §15-20-37 (repealed) for any act or omission which occurred before July 1, 2011. That Section provides:

> Nothing in this article shall be construed as creating a cause of action against the state or any of its agencies, officials, employees, or political subdivisions based on the performance of any duty imposed by this article or the failure to perform any duty imposed by this article.

As the plaintiff's alleged right to an administrative hearing before July 1, 2011 is predicated upon a "duty imposed by this article," Ala.Code §15-20-37 (repealed) barred and bars the plaintiff's cause of action for any act or omission which occurred before July 1, 2011. Therefore, the Amended Complaint is subject to dismissal under A.R.Civ.P. Rules 12(b)(1) and (6).

4. The Amended Complaint is barred by Ala.Code §15-20A-47 for any act or omission which occurred after July 1, 2011. That Section provides:

> Nothing in this chapter shall be construed as creating a cause of action against the state or any of its agencies, officials, employees, or political subdivisions based on the performance of any duty imposed by this chapter or the failure to perform any duty imposed by this chapter.

As the plaintiff's alleged right to an administrative hearing since July 1, 2011 is predicated upon a "duty imposed by this chapter," Ala.Code §15-20A-47 bars the plaintiff's cause of action for any act or omission which occurred before July 1, 2011. Therefore, the Amended Complaint is subject to dismissal under A.R.Civ.P. Rules 12(b)(1) and (6).

5. Irrespective as to whether the plaintiff may or may not have been previously entitled to an administrative hearing under Alabama Administrative Code §760-X-1-21(2) (which the defendant denies), the plaintiff is not entitled to an administrative hearing under the Alabama Sex Offender Registration and Community Notification Act (Act No. 2011-640, codified as Ala.Code §§15-20A-1, et seq.) because, a matter of law, the plaintiff is a sex offender for purposes of the Community Notification Act. Under the Act, an adult sex offender is "[a]n adult convicted of a sex offense." Ala.Code §15-20A-4(1). The plaintiff's offense is a "sex offense" for purposes of the Community Notification Act because that Act's definition of "sex offense" includes "[a]ny crime committed in Alabama or any other state, which, if it had been committed in this state under the current provisions of law, would constitute an offense listed in subdivisions (1) to (32), inclusive." Ala.Code §15-20A-5(32). According to the Amended Complaint, as well as the original Complaint, "[o]n or about May, 1981, Plaintiff, Michael A. McGuire, was convicted of sexual assault of his girlfriend of many years, [victim's name redacted], of many years [sic] after a physical altercation had occurred between the two of them."

3

(Amended Complaint at ¶6; Complaint at ¶1). While Defendant Strange would aver that the date of conviction was actually on or about July 3, 1986 (see Defendant Strange's Evidentiary Submission at Exhibit B, Judgment of Conviction: Sentence: and Order to Sheriff (Mittimus) in People of Colorado v. Michael A. McGuire, Case Number 85CR1903 (El Paso County, Colo. District Court, 1985)), it is beyond dispute that the Plaintiff was found guilty after a jury verdict (i.e. convicted of) First Degree Sexual Assault, Second Degree Assault, and Menacing. Id.

The Colorado conviction of First Degree Sexual Assault is the equivalent of Rape in the First Degree in Alabama as can readily be determined by the charged offense behavior:

> COUNT ONE: SEXUAL ASSAULT IN THE FIRST DEGREE (F-2)
>
> On or about July 31, 1985, MICHAEL A. McGUIRE did unlawfully, feloniously and knowingly inflict sexual penetration and sexual intrusion on [victim's name redacted], causing submission of [victim's name redacted] through the actual application of physical force and physical violence; and MICHAEL A. McGUIRE was armed with a deadly weapon, to-wit: a knife, and used said deadly weapon to cause submission of [victim's name redacted]; In violation of Colorado Revised Statutes 18-3-402, as amended, Sexual Assault in the First Degree (F-2).

(Defendant Strange's Evidentiary Submission at Exhibit A, Amended Information (redacted) in People v. McGuire).

The charged and convicted behavior is the equivalent of violating Ala.Code §13A-6-61(a)(1) ("A person commits the crime of rape in the first degree if" he or she engages in sexual intercourse with a member of the opposite sex by forcible compulsion;..."). For purposes of the Alabama Community Notification Act, Ala.Code

§15-20A-5(1) states in part: "[f]or the purposes of this chapter, a sex offense includes any of the following offenses: (1) Rape in the first degree, as provided by Section 13A-6-61." Therefore, as a matter of law, the plaintiff is properly classified as a sex offender for purposes of the Alabama Community Notification Act. Therefore, the Amended Complaint is subject to dismissal under A.R.Civ.P. Rule 12(b)(6).

6. Notwithstanding the foregoing, the Attorney General has designated an Administrative Law Judge to hear the plaintiff's administrative petition and said ALJ has scheduled said hearing for December 14, 2011[2] (Defendant Strange's Evidentiary Submission at Exhibit D, Order of Notice of Hearing in In the Matter of Michael McGuire, Case No. OAH-11-47 (Ala. Dept of Public Safety, pending). Thus, as against this defendant, the Amended Complaint is subject to dismissal under A.R.Civ.P. Rule 12(b)(6).

                        Respectfully submitted,

                        LUTHER STRANGE (ASB-0036-G42L)
                        *Attorney General*

                        BY:

                        s/ Winfield J. Sinclair
                        Winfield J. Sinclair (ASB-1750-S81W)
                        *Assistant Attorney General*

                        Pete Smyczek (ASB-9667-E66S)
                        *Deputy Attorney General*

                        Office of the Attorney General
                        501 Washington Avenue
                        Montgomery, Alabama 36130-0152
                        Telephone: 334-242-7300
                        Facsimile: 334-353-8440

---

[2] The hearing was originally offered to the plaintiff's attorney for November 28, 2011 but plaintiff's counsel declined the earlier hearing.

E-Mail: psmyczek@ago.state.al.us
wsinclair@ago.state.al.us

Attorneys for Defendant Strange

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2011, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send electronic notice of the foregoing to counsel for the plaintiff, J. Mitchell McGuire, Esquire. I further certify that I have this date mailed a copy of the foregoing to the following:

Kevin J. Murphy
Chief of Police
City of Montgomery
103 North Perry Street
Montgomery, Alabama 36104

D.T. Marshall
Montgomery County Sheriff
115 South Perry Street
Montgomery, Alabama 36104

Colonel Hugh B. McCall
Alabama Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36012

Hon. Lindsey Clements
Alabama Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36012

s/Winfield J. Sinclair
Assistant Attorney General