# Exhibit I



ELECTRONICALLY FILED
11/25/2011 2:47 PM
CV-2011-001320.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
FLORENCE CAUTHEN, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **MICHAEL A. MCGUIRE,** | * | |
| | * | |
| Plaintiff, | * | Civil Action Number |
| | * | |
| v. | * | CV-2011-1320-TMH |
| | * | |
| **CITY OF MONTGOMERY,** *et. al.*, | * | |
| Defendants. | * | |

## PLAINITFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT STRANGE'S MOTION TO DISMISS

**I.  INTRODUCTION**

On November 17, 2011, this Court ordered the Amended Complaint for Temporary Restraining Order or Preliminary Injunction **null and void.** Counsel for the Plaintiff takes very seriously the Court's order and was diligent in reading the Court's order. As such, the Plaintiff's Counsel did not respond to Defendant Attorney General Strange's Opposition to Plaintiff's Motion for Preliminary Injunction. Additionally, in the Court's order, the Court kept the original hearing date of November 30, 2011. Plaintiff considers the Court order to be a hearing set on a legitimate claim on the Plaintiff's original Complaint.

**II.  ARGUMENT**

Defendant Strange's Motion to Dismiss should be denied because, considering the complaint in the light of most favorable to Plaintiff and accepting Plaintiff's allegations as true, there exist facts in the pleadings that, if proven, will entitle Plaintiff to recover. Plaintiff has pled sufficient facts to meet the Rule 12(b)(6) standard. Furthermore, Defendant Strange's arguments against being subject to this action, based on his citation of current Alabama Law, is not the subject of this inquiry.

Defendants, individually and in their official capacities, **have now** offered Plaintiff a post-deprivation hearing before an Administrative Law Judge, an employee of the Defendant, Attorney General, Luther Strange.

It is well settled that a post-deprivation hearing is not effective. Furthermore, as a matter of law, the Court may need to determine if the administration of a post-deprivation hearing by an Administrative Law Judge necessarily constitutes actual bias.

In viewing Plaintiff's complaint, in light most favorable to Plaintiff, and given the Attorney General Luther Strange's explicit acknowledgment that process was due Plaintiff on or after April 14, 2010, there are sufficient allegations to support Plaintiff's claims and for damages.

### III. STANDARD OF REVIEW

When ruling on a Motion to Dismiss brought under Federal Rule of Civil Procedure Rule 12(b)(6), a court must view the complaint in the most favorable light to the Plaintiff and accept all of the Plaintiff's well-pleaded facts as true. *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948m 954 (11 Cir. 1986). The liberal rules as to the sufficiency of a complaint make it a rare case in which a motion to dismiss pursuant to Rule 12(b)(6) should be granted, *Id.* A motion to dismiss for failure to state a claim should not be granted unless it appears *beyond doubt* that the Plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief. *McLain v. Real Estate Bd. Of New Orleans, Inc.*, 444 U.S. 232, 246 (1980). In fact, a well-pleaded complaint may proceed even if actual proof of those facts is improbable, and recovery is very remote and unlikely. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). The threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is exceedingly low. *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 881 (11th Cir. 2003); *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) ("[F]or better or for worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can.").

### IV. CONCLUSION

For the foregoing reasons, Defendant Strange's Motion to Dismiss should be **denied**

Respectfully submitted,

      /s/   J. Mitchell McGuire
J. Mitchell McGuire (ASB-8317-569M)
31 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 517-1000

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2011, I electronically filed the foregoing with the Clerk of the Court using AlaFile system which will send electronic notice of the foregoing to the counsel for the Defendant, Attorney General Luther Strange. I further certify that I have this date mailed a copy of the foregoing to the following:

Kevin J. Murphy
Chief of Police
City of Montgomery
103 North Perry Street
Montgomery, Alabama 36104

D.T. Marshall
Montgomery County Sheriff
115 S. Perry Street
Montgomery, Alabama 36104

Colonel Hugh B. McCall
Alabama Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36012

Hon. Lindsey Clements
Alabama Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36012

                                        /s/   J. Mitchell McGuire
                                              J. Mitchell McGuire

**STATE OF ALABAMA**
**MONTGOMERY COUNTY**

I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the _Plaintiff's Memorandum_ on file in said office.
Witness my hand and the seal of said Court is hereto affixed, this the _12th_ day of _December, 2011_
_Florence M. Cauthen_
CIRCUIT CLERK