IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL A. MCGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-1027-WKW |
| ) | [WO] |
| STEVEN T. MARSHALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

On January 5, 2018, the court found that Plaintiff Michael A. McGuire (Mr. McGuire) was the prevailing party under 42 U.S.C. § 1988, awarded Joseph Mitchell McGuire (Attorney McGuire) interim attorney's fees, "reserve[d] ruling on a reasonable award of costs until after the" Eleventh Circuit issued its mandate in the pending appeal of the case, and allowed Mr. McGuire to file a bill of costs no later than fourteen days after the Eleventh Circuit issued its mandate. (Doc. # 365 at 17, 26–28.)[1] The Circuit issued its mandate on November 1, 2022 (Doc. # 375), the court granted Mr. McGuire an extension of time to file his bill of costs (Doc. # 378), and Mr. McGuire filed his bill of costs on December 15, 2022 (Doc. # 379). Defendants objected (Doc. # 381), and Mr. McGuire replied (Doc. # 382). For the

---

[1] All citations use the pagination as designated by the CM/ECF filing system.

reasons discussed below, Mr. McGuire's bill of costs will be granted in part and denied in part.

## I. LEGAL STANDARD

"Unless a federal statute," the Federal Rules of Civil Procedure, "or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party" in a case. Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). Per federal statute, the following (and only the following) costs may be taxed against the losing party:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920; *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987) ("§ 1920 defines the term 'costs' as used in Rule 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)."). "To overcome the presumption [that costs will be awarded to the prevailing party] and deny full costs under Rule 54(d), the trial judge must 'have and

2

state a sound reason for doing so.'" *Yellow Pages Photos*, 846 F.3d at 1166 (quoting *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

## II. DISCUSSION

Mr. McGuire seeks $32,377.21 in costs. (Doc. # 379 at 1.) That total includes "[f]ees of the Clerk," "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," "[f]ees and disbursements for printing," "[f]ees for witnesses," and "[f]ees for . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case." (Doc. # 379 at 1.) Defendants' only objection is to costs Mr. McGuire seeks for photocopies, which Defendants claim "are unsupported and inflated." (Doc. # 381 at 5.) And Defendants argue generally that the award of costs should be reduced by 85% "because of [the] excessive time [Mr. McGuire] spent on this case and his relative lack of success on the merits." (Doc. # 381 at 9.)

### A. Unsupported & Inflated Copying Costs

Mr. McGuire seeks $22,069.75 in costs for "making copies . . . necessarily obtained for use in the case." (Doc. # 379 at 1.) According to Attorney McGuire, the total number of pages copied in-house was "88,253." (Doc. # 380-1 at 4.) That total "include[d] copies of pleadings, discovery, exhibits, correspondence, and legal and factual research that Attorney McGuire used in th[e] case." (Doc. # 380-1 at 4.) Attorney McGuire's law firm "billed [the] copies . . . at a rate of 25 cents per copy."

3

(Doc. # 380-1 at 5.)  Of the total number of copies, Attorney McGuire specifically accounted for some of the copies as follows: case filings ("which total[ed] at least 6,926 pages"), "[Mr.] McGuire's exhibits" ("which totaled at least 1,848 pages"),[2] "Defendants' exhibits" ("which totaled at least 2,275 pages"), "joint trial exhibits" ("which totaled at least 1,632 pages"), and "deposition and trial transcripts" ("which totaled at least 1,811 pages").  (Doc. # 380-1 at 4–5.)  Defendants raise two arguments against Mr. McGuire's copying costs.  (Doc. # 381 at 5–8.)

First, Defendants argue that the copy costs are unsupported.  According to Defendants, Mr. McGuire "has not [provided] sufficient information to support his assertion that his voluminous copying was necessary for this litigation."  (Doc. # 381 at 7.)  So, "Plaintiff's claim for copying costs should be rejected or dramatically reduced."  (Doc. # 381 at 7.)

Under 28 U.S.C. § 1920(4), the prevailing party is due "the costs of making copies of any materials where the copies [were] necessarily obtained for use in the case."  "[T]he party seeking costs must establish that the particular copies claimed

---

[2] In his reply, Mr. McGuire argues that 1,848 pages is not the correct total because that number should be counted "*four* times" (three for the three sets of exhibits printed for the court and once for the set he printed for himself).  (Doc. # 382 at 4 n.4 (emphasis in original).)  But McGuire's declaration about the total number of exhibit pages is ambiguous.  (*See* Doc. # 380-1 at 4.)  An equally plausible reading is that 1,848 pages is the total number of pages for all four sets of exhibits.  Plaintiff bears the burden of establishing how much compensation is due for photocopies made.  *See Scelta v. Delicatessen Supp. Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).  So, the court declines to read ambiguous evidence in a way that will increase the costs taxed against Defendants.  The court finds that the total number of copied pages for Mr. McGuire's exhibits was 1,848.

were necessary for the litigation." *Daughtry v. Army Fleet Support, LLC*, No. 1:11-CV-153-MHT, 2014 WL 466109, at *2 (M.D. Ala. Feb. 5, 2014); *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002) ("The burden of establishing entitlement to photocopying expenses lies with the prevailing party.")  To do this, "[t]he party moving for taxation of costs must present evidence 'regarding the documents copied including their use or intended use.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir.1994)).  "[I]n evaluating copying costs, [a] court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).

"Copying costs are compensable if the copies were made for purposes other than the law firm's mere convenience." *Maricus W. ex rel. Marvin M. v. Lanett City Bd. of Educ.*, 142 F. Supp. 2d 1327, 1329 (M.D. Ala. 2001); *see also Snow v. Bos. Mut. Life Ins. Co.*, No. 3:11-CV-813-MEF, 2014 WL 641879, at *4 (M.D. Ala. Feb. 19, 2014) ("Costs for copies made merely for counsel's convenience, such as multiple copies of documents, are not recoverable.")  For example, "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the [c]ourt's consideration are recoverable." *Kidd v. Mando Am. Corp.*, 870 F. Supp. 2d 1297,

5

1298 (M.D. Ala. 2012) (first alteration in original) (quoting *Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663, 668 (M.D. Ala. 1999)). "[C]osts for copies may be denied where the documentation is not sufficient for the court to determine the use or intended use of the copies." *Crouch v. Teledyne Cont'l Motors, Inc.*, No. 10-CV-72-KD, 2013 WL 203408, at *21 (S.D. Ala. Jan. 17, 2013) (citing *Cullens*, 29 F.3d at 1494); *see Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1372 (S.D. Fla. 2010) ("Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied.").

Here, Mr. McGuire does not explain the purpose of most of the photocopies (73,761 pages). That means he has not satisfied his burden as the prevailing party seeking costs. *Daughtry*, 2014 WL 466109, at *2; *Monelus*, 609 F. Supp. 2d at 1335; *Scelta*, 203 F. Supp. 2d at 1340. So, the court finds that the cost of these 73,761 copied pages is not taxable against Defendants.

In addition, many of the copies that Attorney McGuire specifically delineates are not taxable. There is no indication that "copies of filings," (6,926 pages) and "[c]opies of . . . deposition and trial transcripts" (1,811 pages) (Doc. # 380-1 at 4–5) were necessary for the litigation; they just as likely could have been made for the convenience of counsel, making them non-taxable. *Maricus W.*, 142 F. Supp. 2d at 1329. And although the costs of the "[c]opies of Defendants' exhibits" (2,275 pages)

6

and the "[c]opies of . . . joint trial exhibits" (1,632 pages) (Doc. # 380-1 at 4) could be taxable, *Kidd*, 870 F. Supp. 2d at 1298, "the documentation is not sufficient for the court to determine the use or intended use of the copies." *Crouch*, 2013 WL 203408, at *21 (citing *Cullens*, 29 F.3d at 1494). So, they also are not taxable.

But the "[c]opies of [Mr.] McGuire's exhibits" (1,848 pages) are different. (Doc. # 380-1 at 4.) The total number of pages included four sets of exhibits: three for the court and one for Attorney McGuire's "use at trial". (Doc. # 380-1 at 4.) The three sets required by the court are taxable because they were "documents prepared for the [c]ourt's consideration." *Kidd*, 870 F. Supp. 2d at 1298 (quoting *Blevins*, 184 F.R.D. at 668). The set of exhibits for Attorney McGuire's use is taxable because it is not clear how he could present his case without these copies; thus, they were necessary for the litigation.

Second, Defendants object to the printing rate Attorney McGuire's law firm charged ($.25 per copy). (Doc. # 381 at 7–8.) Defendants argue that "the court should reduce [the] copying" rate to $.10 "per page." (Doc. # 381 at 8.) Other courts in the Eleventh Circuit have found that $.10–$.15 per page is a reasonable rate.

First, other Alabama district courts have found that $.10–$.15 per page is a reasonable rate. A court in the Northern District of Alabama recently found that "$.25 per page in copying costs for in house copying . . . is excessive." *Harbin v. RoundPoint Mortg. Co.*, No. 2:15-CV-1069-SLB, 2022 WL 1071528, at *2 (N.D.

7

Ala. Apr. 8, 2022). The court noted that other courts had found "$.10 per page to be reasonable," but the court ultimately "allow[ed] a rate of $.15 per page." *Id.* (quoting *Espinoza v. Target Corp.*, No. 9:19-CV-81108-RLR, 2021 WL 3550780, at *6 (S.D. Fla. Aug. 11, 2021)); *cf. EEOC v. Riverview Animal Clinic*, No. 2:09-CV-1950-AKK, 2011 WL 13232145, at *2 n.3 (N.D. Ala. Nov. 14, 2011) (using "a rate of $.10 per page, which is the standard copying charge in the Birmingham area, instead of Defendant's in-house rate of $.25"). A court in the Southern District of Alabama used a rate of $.10 "per page"—which was more reasonable than the requested, excessive rate of "$.50 per page"—to calculate the copy costs taxed. *Galbreath v. Hale Cnty., Ala. Comm'n*, No. 15-CV-308-CG, 2017 WL 3584920, at *13 (S.D. Ala. Aug. 17, 2017) (citing *Crouch*, 2013 WL 203408, at *9), *aff'd*, 754 F. App'x 820 (11th Cir. 2018).

Second, Florida district courts have found that $.10–$.15 per page is a reasonable rate, but some of the cases are more than ten years old. Courts in the Middle District of Florida have repeatedly stated the following: "Within the Middle District [of Florida], and the Eleventh Circuit generally, there is broad consensus that the reasonable market rate for copies is $.10 to $.15 cents." *Perkins v. Tolen*, No. 3:10-CV-851-TEM, 2012 WL 3244512, at *3 (M.D. Fla. July 13, 2012), *report and recommendation adopted*, No. 3:10-CV-851-TEM, 2012 WL 3244688 (M.D. Fla. Aug. 7, 2012); *Brisbois v. United States*, No. 6:16-CV-1589-GJK, 2018 WL

8

6983625, at *2 (M.D. Fla. Dec. 26, 2018), *report and recommendation adopted sub nom. Brisebois v. United States*, No. 6:16-CV-1589-GJK, 2019 WL 161939 (M.D. Fla. Jan. 10, 2019); *see also Soricelli v. GEICO Indem. Co.*, No. 8:16-CV-1535-JSM, 2018 WL 11351710, at *5 (M.D. Fla. Mar. 14, 2018) (finding that "the cost of each copy at $.10 per page is reasonable").  And, when assessing whether $.25 "per page was reasonable," a court in the Southern District of Florida found that "a review of more recent cases in the Eleventh Circuit indicate[s] that a rate of $.10 to $.14 per copy is more reasonable."  *Monelus*, 609 F. Supp. 2d at 1336; *see also Espinoza*, 2021 WL 3550780, at *6 ("Courts in this district have found an in-house copying rate of $0.10 per page to be reasonable."); *see also Mitchell v. Osceola Farms Co.*, No. 5-CV-80825-JIC, 2007 WL 9702260, at *3 (S.D. Fla. Mar. 29, 2007) (finding that "the rate of $.10 per page . . . is reasonable").

The court similarly finds that $.25 per copy is excessive and that $.15 per copy is a reasonable rate.  So, $277.20 (1,848 pages × $.15 per page) in copying costs will be taxed against Defendants.

B.     **Excessive Time Spent & Limited Success on the Merits**

Defendants ask the court to "reduce any award of costs [by 85%] because of [Mr. McGuire's] limited success on the merits of this case" and because of the "excessive time" he spent achieving that limited success.  (Doc # 381 at 9–10.)  Defendants' argument is unpersuasive.

9

First, Defendants do not cite relevant precedent to support their argument. Defendants rely on the Eleventh Circuit's statement that "a reduction in costs can be justified, at least in part, on the grounds of minimal success." *Yellow Pages Photos*, 846 F.3d at 1166. But, in context, the Eleventh Circuit was addressing an award of "*nontaxable* costs" rooted in contract—not taxable costs. *Id.* (emphasis added). So, the statement Defendants rely upon does not apply to this case. But second, even if it did, Defendants provide no persuasive reason why the court should reduce the costs awarded to Mr. McGuire by 85%. Rather, Defendants argue that since the court previously reduced the amount of attorney's fees requested by approximately 85% it should do the same for Mr. McGuire's bill of costs. (Doc. # 381 at 10.) But that is a *non sequitur*.

It is true that the court previously found that Attorney McGuire "devoted excessive time and resources to this case," but that was factored into the court's "85% reduction in the total [attorney's] fee[s] request." (Doc. # 365 at 25–26.) But reducing the interim attorney's fees award by 85% does not mean that the costs taxed should be reduced by the same percentage. And it is not clear that the use of "excessive time and resources" has any connection to the costs Mr. McGuire is presumptively due as the prevailing party. Defendants have not explained how Attorney McGuire's excessive use of time and resources affected, or are connected to, the costs that Mr. McGuire seeks. The court will not make Defendants' argument

for them, and, ultimately, the court does not "have . . . a sound reason" to dramatically reduce the costs Mr. McGuire is due. *Yellow Pages Photos*, 846 F.3d at 1166 (quoting *Chapman*, 229 F.3d at 1039).

## IV.  CONCLUSION

For the reasons provided, it is ORDERED as follows:

(1) Mr. McGuire's bill of costs (Doc. # 379) is GRANTED IN PART and DENIED IN PART;

(2) Defendants' objection (Doc. # 381), as to copy costs, is SUSTAINED IN PART and is otherwise OVERRULED; and

(3) The Clerk of the Court is DIRECTED to tax costs against Defendants and in favor of Plaintiff in the amount of $10,584.66,[3] along with interest calculated from February 5, 2015, pursuant to 28 U.S.C. § 1961.[4]

DONE this 8th day of August, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[3] Because Defendants only object to Mr. McGuire's printing costs (Doc. # 381 at 5–8), the amount due includes all costs billed less the costs of photocopies that are not compensable.

[4] As the Eleventh Circuit has stated, "Supreme Court and this circuit's precedent is clear: 'When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.'" *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) (quoting *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir.1988)); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) ("[P]ostjudgment interest properly runs from the date of the entry of judgment."). "[T]he awarding of interest is in no sense a windfall.  Because a dollar today is worth more than a dollar in the future, the only way [a party] can be made whole is to award him interest from the time he should have received the money." *McDaniel*, 855 F.2d at 798 (second alteration in original) (quoting *Gates v. Collier*, 616 F.2d 1268, 1276 (5th Cir. 1980)).  Here, final judgment was entered on February 5, 2015.  (Doc. # 284.)